IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01407-ZLW

RANDY EDDINGS,

    Applicant,

v.

OTERO COUNTY, State of Colorado,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
COLORADO

MAR 2 8 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Randy Eddings filed *pro se* on August 24, 2005, a document titled "Motion to Appeal Judgment of Dismissal" that was docketed as a motion to reconsider. The Court must construe the motion liberally because Mr. Eddings is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Eddings filed the motion to reconsider within ten days after the Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore,

the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant action without prejudice because Mr. Eddings is asking the Court to intervene in his ongoing state court criminal trial proceedings and the Court may not do so. Mr. Eddings argues in the motion to reconsider that the Court erred in dismissing this action.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Eddings fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Eddings does not allege the existence of any new law or new evidence. He also fails to convince the Court of the need to correct clear error or prevent manifest injustice. Accordingly, it is

ORDERED that the document titled "Motion to Appeal Judgment of Dismissal" filed on August 24, 2005, which was docketed as a motion to reconsider, is denied.

DATED at Denver, Colorado, this 27 day of March, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01407-ZLW

Randy Eddings
103 E. Oak
Lamar, CO 81052

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/28/06

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk